**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AL ACII,<br><br>              Plaintiff – Appellant,<br><br>    v.<br><br>AUTOZONE, INC.; AUTOZONE WEST, INC.,<br><br>              Defendants – Appellees. | No. 13-55517<br><br>D.C. No. 2:11-cv-01751-JAK-AJW<br><br>MEMORANDUM[*] |
| AL ACII,<br><br>              Plaintiff – Appellee,<br><br>    v.<br><br>AUTOZONE, INC.; AUTOZONE WEST, INC.,<br><br>              Defendants – Appellants. | No. 13-55543<br><br>D.C. No. 2:11-cv-01751-JAK-AJW |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

[*]This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

Submitted March 5, 2015[**]
Pasadena, California

Before:    MURPHY,[***] GOULD, and TALLMAN, Circuit Judges.

Al Acii brought suit against AutoZone, Inc., and AutoZone West, Inc. (collectively "AutoZone"), his former employer, under the provisions of California's Fair Employment and Housing Act ("FEHA"). Cal. Gov't Code § 12920, *et seq.* Acii asserted AutoZone terminated his employment because of his age. *Id.* § 12940(a) (making it an unlawful employment practice "[f]or an employer, because of the . . . age . . . of any person, to . . . discharge the person from employment"). Relying on the California Supreme Court's decision in *Harris v. City of Santa Monica*, 294 P.3d 49, 66 (Cal. 2013), the district court instructed the jury that to prevail on his age-discrimination claims, Acii had to prove age was a substantial motivating reason for his discharge. The jury entered a unanimous verdict in favor of AutoZone.

Acii contends that the district court erred (1) in instructing the jury that to rule for him it must conclude age was a "substantial motivating reason," rather than simply a "motivating reason," for the discharge; and (2) in failing to sua sponte reopen the case and allow him to present more evidence after concluding

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

that, to prevail, he must demonstrate age discrimination was a substantial motivating reason for his discharge. AutoZone cross-appeals, asserting the district court erred when it denied its Fed. R. Civ. P. 50 and 56 motions.

Prior to trial, Acii proposed jury instructions that in part would tell the jury that to prevail on his age discrimination claim, Acii had to demonstrate his age was the "motivating reason" for AutoZone's decision to terminate his employment. *Cf.* Cal. Gov't Code § 12940(a) (prohibiting the termination of an employee "because of," *inter alia*, that employee's age). AutoZone objected to Acii's proposed instructions, when proposed and at the pretrial conference, asserting the proper standard was but-for causation. AutoZone noted the proper standard of causation under FEHA was pending before the California Supreme Court in *Harris*.

After trial began and before it concluded, the California Supreme Court decided *Harris*. *Harris*, a pregnancy discrimination case tried to the jury under a mixed-motive paradigm, held that the causation element in § 12940(a)'s "because of" language required a plaintiff to demonstrate "an illegitimate criterion was a *substantial factor* in the particular employment decision." 294 P.3d at 66 (quotation omitted). The district court adopted final jury instructions that incorporated the "substantial motivating reason" standard of causation of *Harris*.

Acii asserts *Harris* only applies to cases tried under a mixed-motive rubric, not to cases tried under a disparate-treatment rubric. But California's

-3-

intermediate appeals courts have applied *Harris* to all wrongful termination claims (both statutory and tort, single and mixed motive). *See, e.g.*, *Mendoza v. W. Med. Ctr. Santa Ana*, 166 Cal. Rptr. 3d 720, 725–26 (Cal. Ct. App. 2014); *Alamo v. Practice Mgmt. Info. Corp.*, 161 Cal. Rptr. 3d 758, 761, 767 (Cal. Ct. App. 2013). And the Judicial Council of California has altered each of the relevant pattern jury instructions to conform to the notion that *Harris*'s interpretation of the causation element in § 12940(a) applies to all suits, not just suits involving a potential mixed motive. *See* CACI 2430 ("Wrongful Discharge in Violation of Public Policy—Essential Factual Elements"); CACI 2500 ("Disparate Treatment—Essential Factual Elements (Gov. Code, § 12940(a))"); CACI 2507 ("'Substantial Motivating Reason' Explained").

Acii asserts the district court erred when it failed to sua sponte reopen the case and allow him to present additional evidence to satisfy *Harris*'s heightened burden of causation. Because Acii did not raise this claim of error in the district court, he can only obtain relief on appeal by demonstrating the district court committed plain error. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). Acii does not recognize the applicable standard of review, let alone argue an entitlement to relief under the rigorous plain-error standard.

Acii's argument is based on a misinterpretation of the record. Acii suggests the district court first adopted a set of jury instructions that set out a causation standard of "motivating reason." He further asserts the district court

-4-

changed course during trial when it adopted jury instructions consistent with the causation standard set out in *Harris*. According to Acii, he was surprised and prejudiced by this end-of-trial change. But Acii does not cites any portion of the record in support of his assertion that the district court, at some point pretrial, adopted jury instructions consistent with pre-*Harris* law. In fact, as noted above, the record reveals (1) AutoZone objected to Acii's proposed instructions well before trial and (2) the proper standard of causation was still contested, and unresolved, at the final pretrial conference. At no point prior to the district court's adoption of final jury instructions on February 11th, did the district court resolve the causation issue in a way that could lead Acii to reasonably conclude the jury would be instructed to resolve the issue of causation by reference to the "motivating reason" standard. Likewise, given that AutoZone's written objections indicated California law was in flux, Acii cannot assert he reasonably relied on pre-*Harris* law in assuming the jury would be instructed under the "motivating reason" standard. The district court did not err, let alone plainly err, when it failed to sua sponte reopen the case for the presentation of additional evidence after adopting final jury instructions.

The judgment of the district court is **affirmed**, AutoZone's cross-appeal is **dismissed** as moot, and the parties' requests for sanctions on the opposing party are **denied**.